ON MOTION FOR REHEARING

GROSS, J.
We grant appellant’s motion for rehearing, withdraw our previous opinion, and issue the following.
Appellant, Suromar Corporation, is a property owner that challenged the property appraiser’s valuation of its property. After a trial, the circuit court found that the “property appraiser’s appraiser practices produced an arbitrary and unreasonable assessment when applied to this property.” The court ordered that the matter be remanded to the appraiser “for a rede-termination of the assessed value” utilizing “some legitimate cost numbers [to] carefully and honestly reappraise this property.” The appraiser appealed the court’s order and Suromar filed a notice of cross-appeal. This court affirmed without opinion. See Nikolits v. Suromar Corp., 816 So.2d 641 (Fla. 4th DCA 2002).
After the appeal was affirmed, the property appraiser hired an “expert builder of high-end luxury houses” to perform a cost analysis of the home. The expert’s report was consistent with the appraiser’s previous assessment of the property. Suromar filed a motion seeking further proceedings to challenge the reappraisal. In a final judgment, the circuit court denied the motion on the ground that the court had lost jurisdiction after the appraiser had complied with the final judgment’s directives.
We hold that the circuit court did not lose jurisdiction after it remanded the case to the property appraiser for a reappraisal. Suromar retained the ability to challenge the reappraisal de novo under section 194.301, Florida Statutes (2002). Because it was not raised in this appeal, we do not address whether the assessment based on the reappraisal shall be entitled to the presumption of correctness described in section 194.301.
*976 Reversed and remanded for further proceedings.
STONE and HAZOURI, JJ., concur.